```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
COREY DAVIS,                                                      :
                                                                  :
                                       Plaintiff,                 :         1:24-cv-7303-GHW
                                                                  :
              -v-                                                 :         ORDER
                                                                  :
THE BANK OF NEW YORK MELLON,                                      :
                                                                  :
                                       Defendant.                 :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2024

GREGORY H. WOODS, United States District Judge:

On September 25, 2024, *pro se* Plaintiff Corey Davis initiated this case by filing a motion for a temporary restraining order. Dkt. No. 1.

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007), which are "never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), or "as a routine matter." *JSG Training Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). To obtain such relief, the moving party must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Inc.*, 598 F.3d 30, 35 (2d Cir. 2010). "Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (internal quotation marks and citation omitted).

The Court denies Plaintiff's motion for a temporary restraining order because the relief Plaintiff seeks is no longer available. Plaintiff asks the Court to prevent a foreclosure-auction sale that was scheduled to take place on September 25, 2024 at 11:00 a.m. *See* TRO Motion at 4–5. The

Court received Plaintiff's TRO Motion on September 26, 2024, after the sale was scheduled to occur—and presumably has already taken place.[1]  "Preliminary injunctive relief is inappropriate where the alleged irreparable harm has already occurred."  *Alpha Founders Holding, LLC v. Magellan Health, Inc.*, No. 17-cv-6225 (DLI) (RER), 2018 WL 1247405, at *5, 10 (E.D.N.Y. Mar. 9, 2018); *see also Mullins v. City of New York*, 626 F.3d 47, 55 (2d Cir. 2010) ("The standard for preliminary injunctive relief requires a *threat* of irreparable harm, not that irreparable harm already [has] occurred.").  Given that this motion asserts that the auction was scheduled to take place before the Court received the motion, it appears that any irreparable harm resulting from it would have already occurred.  Accordingly, the Court denies Plaintiff's motion for injunctive relief.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 1.  The Clerk of Court is also directed to issue summons in this matter and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: September 27, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] The TRO Motion is dated September 19, 2024.  *See* TRO Motion at 5.  Plaintiff is currently incarcerated, and his TRO Motion arrived by mail.  *See id.* at ECF pp. 34–35 (scan of envelope containing filing).  Although the courthouse appears to have received Plaintiff's mailing on September 25, 2024, *see id.* (showing "received" stamp with a September 25 date), the filing was not processed and docketed until September 26, 2024.  *See* Dkt. No. 1 (docket entry notation of "Entered: 09/26/2024").